J-S20021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN BANTUM, | |
| Appellant | No. 1123 WDA 2014 |

Appeal from the Judgment of Sentence Entered June 10, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000331-2013

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:                          **FILED JULY 14, 2015**

Appellant, Brian Bantum, appeals from the judgment of sentence entered following his convictions of possession of a controlled substance and public drunkenness.  We affirm.

We summarize the history of this case as follows.  In the early morning hours of November 4, 2012, after Altoona Police were dispatched to a neighborhood bar because of a disturbance, the police noticed Appellant standing in the shadows next to a church less than a block away.  A police officer approached Appellant, noticed several signs of intoxication, placed Appellant under arrest, searched Appellant, and discovered a controlled substance (Alprazolam) in Appellant's pocket.  Appellant was charged with possession of a controlled substance and public drunkenness.

On July 26, 2013, Appellant filed a motion to dismiss/suppress, and on October 11, 2013, the trial court held a hearing on the motion. The trial court denied the motion on January 14, 2014. On March 25, 2014, a jury convicted Appellant of possession of a controlled substance, and the trial judge convicted Appellant of the summary offense of public drunkenness. On June 10, 2014, the trial court sentenced Appellant to serve a term of incarceration of three to twelve months on the possession-of-a-controlled-substance conviction and to serve a consecutive term of probation of ninety days for the summary offense of public drunkenness. This timely appeal followed.

Appellant presents the following issues for our review:

I)    Whether Officer Venios possessed "reasonable suspicion" to initiate an investigative detention of Appellant?

II)   If the Court concludes that the officer had reasonable suspicion to detain Appellant, did he possess probable cause to arrest him for Public Drunkenness?

III)  Whether the Trial Court impermissibly shifted the Burden of Proof to Appellant in response to the second jury question, by instructing the jury that they should find him guilty if they did not believe his testimony?

Appellant's Brief at 10.

Appellant first argues that the trial court erred in failing to grant the motion to suppress. Specifically, Appellant contends that the police officer lacked reasonable suspicion to conduct an investigative detention of Appellant.

The standard of review an appellate court applies when considering an order denying a suppression motion is well established. An appellate court may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. *Commonwealth v. Russo*, 934 A.2d 1199, 1203 (Pa. 2007) (citing *Commonwealth v. Boczkowski*, 846 A.2d 75 (Pa. 2004)). Where the record supports the factual findings of the trial court, the appellate court is bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. *Id*. However, it is also well settled that the appellate court is not bound by the suppression court's conclusions of law. *Id*. (citing *Commonwealth v. Duncan*, 817 A.2d 455 (Pa. 2003)).

> With respect to factual findings, we are mindful that it is the sole province of the suppression court to weigh the credibility of the witnesses. Further, the suppression court judge is entitled to believe all, part or none of the evidence presented. However, where the factual determinations made by the suppression court are not supported by the evidence, we may reject those findings. Only factual findings which are supported by the record are binding upon this [C]ourt.

*Commonwealth v. Benton*, 655 A.2d 1030, 1032 (Pa. Super. 1995) (citations omitted). In addition, questions of the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Commonwealth v. Freidl*, 834 A.2d 638, 641 (Pa. Super. 2003).

Moreover, we are aware that Pennsylvania Rule of Criminal Procedure 581, which addresses the suppression of evidence, provides in relevant part as follows:

> (H) The Commonwealth shall have the burden . . . of establishing that the challenged evidence was not obtained in violation of the defendant's rights.

Pa.R.Crim.P. 581(H).

> The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals from unreasonable searches and seizures, thereby ensuring the "right of each individual to be let alone." *Schneckloth v. Bustamonte*, 412 U.S. 218, 236, 36 L. Ed. 2d 854, 93 S. Ct. 2041 (1973); *Commonwealth v. Blair*, 394 Pa. Super. 207, 575 A.2d 593, 596 (Pa. Super. 1990).

*Commonwealth v. By*, 812 A.2d 1250, 1254 (Pa. Super. 2002).

To secure the right of citizens to be free from intrusions by police, courts in Pennsylvania require law enforcement officers to demonstrate ascending levels of suspicion to justify their interactions with citizens as those interactions become more intrusive. *Commonwealth v. Beasley*, 761 A.2d 621, 624 (Pa. Super. 2000).

It is undisputed that:

> [s]tate case law recognizes three categories of interaction between police officers and citizens, which include: (1) a mere encounter, or request for information, which need not be supported by any level of suspicion, but which carries no official compulsion to stop or to respond; (2) an investigative detention, which must be supported by reasonable suspicion as it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest; and (3) arrest or custodial detention, which must be supported by probable cause.

*Commonwealth v. Acosta*, 815 A.2d 1078, 1082 (Pa. Super. 2003) (*en banc*).

If the police action becomes too intrusive, a mere encounter may escalate into an investigatory stop or a seizure. *Commonwealth v. Boswell*, 721 A.2d 336, 340 (Pa. 1998). "Because the level of intrusion into a person's liberty may change during the course of the encounter, we must carefully scrutinize the record for any evidence of such changes." *Commonwealth v. Blair*, 860 A.2d 567, 572 (Pa. Super. 2004) (citing *Commonwealth v. Strickler*, 757 A.2d 884 (Pa. 2000)). In determining whether a mere encounter has risen to the level of an investigative detention, our inquiry focuses on whether the individual in question has been seized.

> To guide the crucial inquiry as to whether or not a seizure has been effected, the United States Supreme Court has devised an objective test entailing a determination of whether, in the view of all surrounding circumstances, a reasonable person would believe that he was free to leave. In evaluating the circumstances, the focus is directed toward whether, by means of physical force or show of authority, the citizen-subject's movement has in some way been restrained. In making this determination, courts must apply the totality-of-the-circumstances approach, with no single factor dictating the ultimate conclusion as to whether a seizure has occurred.

*Strickler*, 757 A.2d at 889-890 (citations omitted).

We have long considered the following factors in analyzing the conditions surrounding the escalation of police and citizen interactions:

> Circumstances to consider include, but are not limited to, the following: the number of officers present during the interaction;

whether the officer informs the citizen they are suspected of criminal activity; the officer's demeanor and tone of voice; the location and timing of the interaction; the visible presence of weapons on the officer; and the questions asked.

*Beasley*, 761 A.2d at 624-625 (quoting *Boswell*, 721 A.2d at 340). Otherwise inoffensive contact between a member of the public and the police cannot, as a matter of law, amount to a seizure of that person. *Id*.

To effectuate an investigative detention, the officers are required to have reasonable suspicion that unlawful activity was in progress. Our Supreme Court has explained that, in order to demonstrate reasonable suspicion, the police must be able to point to specific facts and reasonable inferences drawn from those facts in light of the officer's experience. *Commonwealth v. Cook*, 735 A.2d 673, 677 (Pa. 1999).

Assuming for the sake of argument that the interaction between the police officer and Appellant was not a mere encounter but was an investigative detention, we conclude that no relief is due. Our review of the record reflects that the police officer in question possessed the requisite reasonable suspicion when he approached Appellant. Officer Thomas Venios of the Altoona Police Department testified that on November 4, 2012, at approximately 1:00 a.m., he was dispatched to Mason Jar Bar in relation to a large disturbance at the establishment. N.T., 10/11/13, at 2-4. He explained that numerous officers went to the scene and needed to empty the bar and disperse the patrons away from the area. *Id*. at 3-4. Officer Venios then entered his patrol car, and drove around the immediate area to ensure

that the patrons were dispersing. *Id*. at 4. Officer Venios testified that the neighborhood was a high crime area. *Id*. at 4-5. The officer explained that, while he was driving through the area, he observed Appellant standing in a dark recessed alcove that was part of a local church about a block from the Mason Jar Bar. *Id*. at 6-7. Officer Venios testified that Appellant's behavior appeared suspicious because the church was closed at the time. *Id*. at 7. The officer stated that he could not tell whether Appellant was somebody who was not dispersing from the area, or whether he was someone attempting to break into the church. *Id*. The officer then turned on his search light to illuminate the area, and he approached Appellant. *Id*.

The totalities of these facts, in the knowledge of the officer at the time, were sufficient to establish reasonable suspicion of criminal activity necessary to detain Appellant. Thus, because the police officer articulated facts at the suppression hearing that would give rise to a reasonable suspicion of criminal activity, we conclude that the investigative detention was lawful. Accordingly, Appellant's first issue lacks merit.

In his second issue, Appellant again argues that the trial court erred in failing to suppress evidence. Specifically, Appellant claims that the trial court improperly determined that the police officer possessed probable cause to arrest Appellant.

"An arrest is defined as any act that indicates an intention to take the person into custody and subjects him to the actual control and will of the

person making the arrest. . . . The test is an objective one, *i.e.*, viewed in the light of the reasonable impression conveyed to the person subjected to the seizure rather than the strictly subjective view of the officers or the persons being seized." ***Commonwealth v. Butler***, 729 A.2d 1134, 1137 (Pa. Super. 1999) (quoting ***Commonwealth v. Rodriquez***, 614 A.2d 1378, 1384 (Pa. 1992)).

It is well settled that the police may make a warrantless arrest if probable cause exists. ***Commonwealth v. Santiago***, 736 A.2d 624, 629-630 (Pa. Super. 1999). Probable cause for an arrest exists if the facts and circumstances within the knowledge of the police officer at the time of the arrest are sufficient to justify a person of reasonable caution in believing the suspect has committed or is committing a crime. ***Id***. at 630. Probable cause justifying an arrest is determined by the totality of the circumstances. ***Commonwealth v. Colon***, 777 A.2d 1097 (Pa. Super. 2001). Probable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference. ***Commonwealth v. Lindblom***, 854 A.2d 604, 607 (Pa. Super. 2004). We have long stated that in determining whether probable cause existed in a particular situation, a court will look not just at one or two individual factors, but will consider the "totality of the circumstances" as they appeared to the arresting officer. ***Commonwealth v. Dennis***, 612 A.2d 1014, 1016 (Pa. Super. 1992).

Applying these standards to the instant case, we conclude that Officer Venios presented facts at the suppression hearing sufficient to establish probable cause, thereby justifying Appellant's arrest. Our review of the record reflects that Officer Venios was dispatched to a large disturbance at the Mason Jar Bar in the early morning hours of November 4, 2012. N.T., 10/11/13, at 2-4. At the time of the disturbance, the neighborhood was a high crime area. *Id*. at 4-5. After helping to clear the bar of customers, Officer Venios patrolled the immediate area in his police cruiser to ensure that the patrons had dispersed. *Id*. at 3-4. At that point, Officer Venios observed Appellant leaning in a dark alcove of a neighboring church. *Id*. at 6-7. Officer Venios then turned on his search light to illuminate the area, exited his vehicle, and approached Appellant. *Id*. at 7. Officer Venios testified that, upon making contact with Appellant, he "detected a strong odor of alcoholic beverage coming from [Appellant's] mouth as he was speaking." *Id*. at 8. Officer Venios also stated that "[Appellant's] eyes were glassy and bloodshot, he was unsteady on his feet." *Id*. The officer also indicated that Appellant's speech was slurred. *Id*. at 9. After a short conversation with Appellant, during which Appellant indicated that he consumed six or seven beers, the officer placed Appellant under arrest for public drunkenness. *Id*. at 8, 10.

The totality of the facts, in the knowledge of Officer Venios at the time, was sufficient to justify a person of reasonable caution in believing that

Appellant had committed the crime. *Santiago*, 736 A.2d at 629-630. Therefore, the officer possessed probable cause necessary to permit the warrantless arrest of Appellant. Thus, the suppression court properly denied Appellant's motion to suppress, and Appellant's contrary argument lacks merit.

In his final issue, Appellant argues that the trial court improperly shifted the burden of proof to Appellant. Basically, Appellant claims that the trial court gave an incorrect jury instruction in response to a jury question. Appellant contends that the trial court erroneously shifted the burden of proof to Appellant when the court indicated that the jury should find Appellant guilty if it did not believe Appellant's testimony.

In our inquiry, we are cognizant of the following standard of review. "[W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply [to] isolated portions, to determine if the instructions were improper." *Commonwealth v. Charleston*, 94 A.3d 1012, 1021 (Pa. Super. 2014) (citation omitted). "The trial court is free to use its own expressions as long as the concepts at issue are clearly and accurately presented to the jury." *Commonwealth v. Ballard*, 80 A.3d 380, 407 (Pa. 2013) (citation omitted). The instructions must adequately, accurately, and clearly present the law to the jury and must be sufficient to guide the jury in its deliberations. *Commonwealth v. Jones*, 672 A.2d 1353, 1358 (Pa. Super. 1996).

However, before we reach the merits of Appellant's claim, we must determine whether the issue has been preserved for appellate review. A party's obligation to object to jury instructions is set forth in Pennsylvania Rule of Criminal Procedure 647, which provides, in relevant part, as follows:

> **Rule 647. Request for Instructions, Charge to the Jury, and Preliminary Instructions.**
>
> * * *
>
> (B) No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate.

Pa.R.Crim.P. 647(B). **See also** Pa.R.A.P. 302(b) ("A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of.").

Interpreting this rule, our Supreme Court has held that the plain language of Rule 647(B) requires a specific objection to assign error to a controverted aspect of or omission from a jury charge. **Commonwealth v. Pressley**, 887 A.2d 220, 223 (Pa. 2005). The Court has held further that, in the event counsel fails to posit the appropriate objection prior to the jury's retirement for deliberation, the underlying point is not preserved for appellate review and will be deemed waived on appeal. **Id**. **See Commonwealth v. Sherwood**, 982 A.2d 483, 505 (Pa. 2009) (citing Pa.R.Crim.P. 647(B); **Commonwealth v. Montalvo**, 956 A.2d 926, 935-936 (Pa. 2008) (holding that the law is clear that, in order to preserve a claim predicated on an allegedly erroneous jury instruction, a litigant must

- 11 -

raise an objection before the jury retires to deliberate)). ***See also***

***Commonwealth v. Betz***, 664 A.2d 600, 606 (Pa. Super. 1995) (applying

then Pa.R.Crim.P. 1119 (renumbered Pa.R.Crim.P. 647) and finding waiver

for failure to make specific timely objection to supplemental jury instruction

before the jury returned to deliberations, even if the jury charge is palpably

in error).

Our review of the record reflects that after the jury began

deliberations, it contacted the judge with various questions. N.T., 3/25/14,

at 145. The jury was then brought back into the court room in order for the

judge to address the following questions:

> 1) Is your common sense a resource or should it be used as your deciding factor in voting guilty or not guilty?
>
> 2) Please review reasonable doubt criteria.
>
> 3) Please review burden of proof; does the Commonwealth need to prove this, to what extent.
>
> 4) In order for us to reach a consensus, did [Appellant] need to know what he had was illegal to possess?

***Id***. at 146, 147, 148.

The record further reveals that in responding to the jury's fourth

question, the trial court stated the following, which Appellant contends

improperly shifted the burden of proof away from the Commonwealth:

> Your fourth question says, in order for us to reach a consensus, did [Appellant] need to know what he had was illegal to possess? This was probably, in a sense, the hardest and the easiest one to answer. I don't like --- you should not think that I'm telling --- trying to take over your job. Your job is to decide the facts; my

job is to give you the law and you're stuck with what I give you as the law but I never intrude and there's some judges that I think do. They try to rephrase the facts and give you a summary of them. I've never done that. I've never felt comfortable with that but in this case, it's pretty simple. If you believe that [Appellant] did not know that the pill in his pocket was a controlled substance, you should find him not guilty. **If you believe [Appellant's] testimony when he testified, you should find him not guilty. If you do not believe that testimony, then the facts would take you to where you should find him guilty. I mean, this case hinges on whether or not you believe the defense that [Appellant] offered in his testimony and that was that he received this --- the pill that you know to be a controlled substance now, that he did not know it was a controlled substance. So, if you believe [Appellant's] testimony, you should find him not guilty. I think [the Assistant District Attorney] said that in his closing. If you don't believe him, you know, then it takes you down the other path.**

*Id*. at 148-149 (emphasis added). Thereafter, the exchange occurred:

[TRIAL COURT]: Counsel, either one of you disagree with that or want to say something else?

[DEFENSE COUNSEL]: No, Your Honor. Thank you.

[ASSISTANT DISTRICT ATTORNEY]: No, Your Honor. Thank you.

*Id*. at 149.

Thus, as the record indicates, at the conclusion of the instruction to the jury, Appellant was given an opportunity to make a timely objection to the instruction as given and did not do so. Accordingly, because Appellant failed to object to the trial court's instruction before the jury retired to deliberate, his claim is waived.

Judgment of sentence affirmed.

P.J.E. Ford Elliott joins this Memorandum.

- 13 -

Judge Wecht files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2015